UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CELESTAN RICHARDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4963** |
| **SCOTT TUBB – OFFICE OF PROBATION AND PAROLE, ET AL.** | **SECTION: "G"(3)** |

### REPORT AND RECOMMENDATION

Plaintiff, Celestan Richardson, is a state inmate confined at the Feliciana Forensic Facility in Jackson, Louisiana. He filed this federal civil rights action pursuant to 42 U.S.C. § 1983 against Probation Officer Scott Tubb[1] and Judge Kim Jones. In his complaint, plaintiff states his claims as follows:

1) I was admitted to ELMHS on 1/21/2016, on a NGBRI status/probation revocation. I was originally discharged from Secured Forensic Facility in 2012 to a Transitional Living home. In 2015, both my parents became ill, and I, along with the facility manager travelled to St. Bernard Parish to check on my parents. We went and came back with no problems. A couple days later, my parents got worse, and I needed to return to St. Bernard Parish. I called the mental health clinic, and left a message (twice) to let him know that I needed to return to St. Bernard Parish. After I couldn't speak with anyone, I telephoned my probation officer, Scott Tubbs, to let him know what was going on. Mr. Tubbs said "Ok, go to the court house in that parish, and get a drug screen." I went to the St. Bernard Parish court house to have the drug screen. Once there, I was immediately arrested for elopement. I was sent to St. Bernard jail.

2) When I went to court in St. Bernard, I was not appointed an attorney, and I was not allowed to speak in court. I stayed in jail about 4-5 month; without my psychiatric medication, I decompensated, and was returned to ELMHS Forensic Division, actively psychotic.

My suit is against the probation officer for misleading me and the judge, for not providing me with an attorney for the court proceedings.[2]

---

[1] This defendant's surname is given as both "Tubb" and "Tubbs" in the complaint.

[2] Rec. Doc. 1, p. 5.

In his prayer for relief, he requests "[t]o be released from ELMHS custody, discharged from probation, financial suit."[3]

## **I.  Screening Standards**

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal

---
[3] Id. at p. 6.

2

theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

## II.  Habeas Relief

The first two forms of relief plaintiff has requested in his prayer for relief, i.e. that he "be released from ELMHS custody [and] discharged from probation,"[5] simply cannot be granted in a federal civil rights action. When a plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4

---

[4] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[5] Rec. Doc. 1, p. 6.

(5th Cir. 1994).  Moreover, it would be futile to construe the complaint in part as a federal habeas corpus petition for the following reasons.

It is clear that an individual confined pursuant to a state court judgment must first exhaust his remedies in the state courts before seeking habeas corpus relief in the federal courts.  28 U.S.C. § 2254(b)(1) (requiring exhaustion of state remedies in  habeas corpus actions brought pursuant to § 2254); see also Edge v. Stalder, 83 Fed. App'x 648 (5th Cir. 2003) (exhaustion of state remedies is likewise required in habeas corpus actions brought pursuant to 28 U.S.C. § 2241); Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (same).  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court.  See La. Const. art. V, § 5(A).  On July 5, 2017, the undersigned's staff contacted the Clerk of the Louisiana Supreme Court and confirmed that plaintiff had filed no applications whatsoever in that court concerning his most recent term of incarceration.  Therefore, he would not be entitled to federal habeas corpus relief at this time.[6]

### III.  Monetary Damages

The third form of relief plaintiff requests, i.e. monetary damages, is properly sought in a federal civil rights action.  Nevertheless, for the following reasons, he is not entitled to such relief in this case.

---

[6] Plaintiff may, of course, subsequently file a federal habeas corpus petition. However, he must first exhaust his remedies in the state courts, and any federal petition must be filed in a timely manner in accordance with federal law.

**A.  Probation Officer Scott Tubb**

In this lawsuit, plaintiff states that his probation was revoked based on his purported elopement.  However, plaintiff alleges that he was traveling with the permission of his probation officer, Scott Tubb.  If this federal court were to find that Tubb had in fact given plaintiff permission to travel, that federal determination would necessarily imply the invalidity of the state court's decision to revoke plaintiff's probation based on the elopement.  Accordingly, plaintiff's claims against Tubb are currently barred by Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).  Heck has been extended to cover probation revocations.  Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995); see also Cougle v. County of DeSoto, 303 Fed. App'x 164, 165 (5th Cir. 2008); Adongo v. Texas, No. 04-10714, 2005 WL 27753 (5th Cir. Jan. 6, 2005); Johnson v. Tolley, No. 01-40444, 2002 WL 753807 (5th Cir. Apr. 10, 2002); Ferrell v. Barr, No. 00-11206, 2001 WL 498570 (5th Cir. Apr. 12, 2001).  Claims barred by Heck are legally frivolous.  See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, 91 Fed. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 Fed. App'x 755 (5th Cir. 2003).

5

Because a judgment in plaintiff's favor in his claims against Tubb would necessarily imply the invalidity of plaintiff's probation revocation, Heck bars those claims until such time as his probation revocation, conviction, or sentence has been overturned or otherwise invalidated by an authorized tribunal or executive body. See, e.g., Ferrell, 2001 WL 498570, at * 1. Accordingly, plaintiff's claims against Tubb should be dismissed with prejudice to their being asserted again until the Heck conditions are met.[7]

### B. Judge Kim Jones

As to plaintiff's claims against Judge Kim Jones, she clearly cannot be held liable under § 1983 for the following reasons.[8]

Any claim against Judge Jones in her *official* capacity would be barred for two reasons. First, she is a state official, and a state official in her official capacity is not considered a "person" amenable to suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997); Boyd v. Lasher, Civ. Action No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009). Second, because an official-capacity claim against Judge Jones would in reality be a claim against the state itself, and any such claims would be barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v.

---

[7] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

[8] The undersigned notes that the claims against Judge Jones would also be barred by Heck; however, because the claims against her fail regardless of Heck's applicability, it is also appropriate simply to dismiss those claims on the merits. See Ferrell v. Barr, No. 00-11206, 2001 WL 498570 (5th Cir. Apr. 12, 2001). In that the claims against Judge Jones will never be cognizable for the reasons explained herein, that is the better course. See Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) ("[I]t is appropriate for the district courts to resolve the question of absolute immunity before reaching the Heck analysis when feasible. If a defendant is dismissed on absolute immunity grounds, it becomes clear that the § 1983 plaintiff will never have a claim against that defendant based on the particular facts alleged, even if the plaintiff is a state prisoner who eventually satisfies the precondition to a valid § 1983 claim under Heck.")

Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

Further, any claim for monetary damages asserted against Judge Jones in her *individual* capacity would be barred by her absolute judicial immunity. It has long been held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation -- where a judge acts after he is approached *qua* judge by parties to a case -- that could possibly spawn a successful § 1983 suit."). The United States Supreme Court has explained: "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). Further, judicial immunity is clearly applicable in federal civil rights cases. Stump v. Steward, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 554-55 (1967).

For these reasons, the claims against Judge Jones should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Scott Tubb be dismissed with prejudice to their being asserted again until the Heck conditions are met.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Judge Kim Jones be dismissed with prejudice as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fifth day of July, 2017.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**