# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CELESTAN RICHARDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4963** |
| **SCOTT TUBB – OFFICE OF PROBATION AND PAROLE, ET AL.** | **SECTION: "G"(3)** |

## ORDER

The Court received correspondence from Plaintiff that was docketed as a Motion for Reconsideration.[1] On August 25, 2017, the Court approved the Magistrate Judge's Report and Recommendation, to which no objection was filed, and dismissed Plaintiff's claims, with prejudice.[2] In the Motion for Reconsideration, Plaintiff argues only that his claims are supported by the facts and evidence as stated in the lawsuit.[3]

## Law and Analysis

### A.   *Legal Standard*

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[4] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[5] Federal Rule

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 7, Rec. Doc. 8.

[3] Rec. Doc. 10.

[4] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[5] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–*4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

1

of Civil Procedure 59(e) also allows courts to alter or amend its judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[6] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[7] with relief being warranted only when the basis for relief is "clearly establish[ed]."[8] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[9]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[10] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[11] "It is

---

[6] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[7] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[8] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

[9] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citations omitted).

[10] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[11] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[12] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[13]

*B.     Analysis*

Plaintiff asserts that Plaintiff's "story is the only one that matches the facts," and that "all the evidence is clearly stated in my lawsuit and you can see the evidence through my testimony."[14] Plaintiff has not presented any newly discovered or previously unavailable evidence, nor does Plaintiff identify a manifest error of law or fact that would warrant granting the motion. Rather, Plaintiff's motion seeks only to rehash evidence previously consider by the Court.

As stated *supra*, the Court has considerable discretion when determining if arguments presented in a motion for reconsideration merit reversing the Court's prior decisions.[15] Plaintiff has not identified any evidence that merits reconsideration, nor any argument that reconsideration is necessary to prevent a manifest injustice or correct a manifest error of fact or law. Additionally, no independent reason exists to warrant reconsideration of Plaintiff's claims.

---

[12] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[13] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[14] Rec. Doc. 10.
[15] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.).

Moreover, Plaintiff appears to also request a new trial under Rule 59(a). The Court first notes that Rule 59 of the Federal Rules of Civil Procedure allows a party to request a *new* trial and is not a proper vehicle for challenging an order granting a motion to dismiss. Typically, courts in the Fifth Circuit consider such pre-trial motions for a new trial as a motion for reconsideration, which the Court denies above.[16] Thus, for the same reasons that the Court found Plaintiff's arguments in support of its motion for reconsideration were unpersuasive, the Court holds that Plaintiff's arguments do not merit relief under Rule 59(a) either.

## Conclusion

For the forgoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion [Rec. Doc. 10] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 15th day of September, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[16] *See Calhoun v. F.B.I.*, 546 F. App'x 487, 489 n.1 (5th Cir. 2013) (noting that, because there was no trial in the case, the Fifth Circuit construed the motion for a new trial as a motion for reconsideration of the Court's granting of a motion to dismiss); *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785, n. 1 (5th Cir. 1996) (holding that a motion for reconsideration styled as a motion for a new trial following a summary judgment was correctly analyzed as a Rule 59(e) motion to reconsider entry of summary judgment); *Flynn v. Terrebonne Par. Sch. Bd.*, 348 F. Supp. 2d 769, 770 (E.D. La. 2004) (Vance, J.) (stating that a motion for new trial following summary judgment was inappropriate, as a trial had not yet occurred, and construing the motion as a Rule 59(e) motion to amend a judgment).